FILED
2021 Apr-28 PM 06:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| (1) GABRIEL BYRDSONG; (2) JAMAL TOWNSEND; (3) JONATHAN WISE; (4) JESSICA MCCURDY, B/N/F LINDA MCCURDY; (5) WILLIAM CHAPMAN; (6) MICHAEL D. JACKSON; (7) JAMES PEARSON; (8) MICKEY BUSBY II; (9) BRAD BLAKELY; (10) DAVID MARTIN; (11) DRESEAN PAYNE; (12) JOSHUA GARGUS; (13) DEMARCUS SHARP; (14) KRISTOPHER FRICKS; (15) JIMMY STUDDARD; (16) JOHN MYER; (17) LAGERALD MALONE; (18) MELISSA BARRON; (19) CHRISTOPHER MINTON; (20) MASON SCOTT HALL; (21) DAVID WAYNE JONES; (22) MARIO MORENO; (23) JOHNNY JOHNSON; (24) CHRISTOPHER GIBBS; (25) BOBBY LEE SELF; (26) ROBERT BAISE; (27) MICHAEL GREEN; (28) DERRICK GARRETT; (29) TRACIE SHERRILL; (30) JASON DAVIS; (31) CAYLA MARTIN; (32) ANGELA TOTTEN; (33) DONNA CRANE; (34) TEVIN TRAEION SPEARS; (35) CHRISTOPHER BYERS; (36) DELANDIS TAYLOR; (37) MARK SALMON; (38) BRANDON MCMILLIAM; (39) GARY CHRISTIAN; (40) CHAUNCEY KYNARD; (41) JONATHAN WEAVER; (42) JERMONE WILLIAMS; (43) BRIANA HORTON; (44) KELLI GARRARD; (45) LORI SIMS; (46) TASHA MOORE: (47) MARK BATTLES; (48) JOSEPH WATERS. AND FICTITIOUS PLAINTIFFS – One (1) to and through One-Hundred (100) | CIVIL ACTION NO. |
| Plaintiffs, | |
| v. | |

|  | ) |
| --- | --- |
| A&E TELEVISION NETWORKS, LLC, | ) |
| BROADLEAF PRODUCTIONS, LLC, PAUL | ) |
| BUCCIERI, ROBERT DEBITETTO, DAVID | ) |
| GRANGER-SMITH, KEITH PEEK, AND | ) |
| FICTITIOUS DEFENDANTS | ) |
|  | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants A&E Television Networks, LLC, Broadleaf Productions, LLC, Paul Buccieri, Robert DeBitetto, and David Granville-Smith (sued herein as "David Granger-Smith") (collectively, the "Media Defendants") (together with Keith Peek, the "Defendants") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, give notice of the removal of the above-styled cause of action from the Circuit Court of Etowah County, Alabama, to the United States District Court for the Northern District of Alabama, Middle Division.  Pursuant to 28 U.S.C. § 1446(a), the entire state court record, which includes copies of all process, pleadings, and orders received by the Media Defendants, is attached as **Exhibit A** to this Notice.

1

**Parties and Allegations**

I.      **The Parties**

1.      Plaintiffs[1] are each residents of Etowah County, Alabama. *See* Compl. ¶¶ 1–48. According to the Complaint, in June 2019, Plaintiffs were each incarcerated in the Etowah County Detention Center. *Id.* ¶ 61.

2.      Defendant A&E Television Networks, LLC ("AETN") is organized under the laws of the State of Delaware, with its principal place of business in New York, New York. The members of the LLC are: (1) Cable LT Holdings, Inc., a Delaware corporation with its principal place of business in Burbank, California; (2) Disney/ABC International Television, Inc., a Delaware corporation with its principal place of business in New York, New York; (3) Hearst Communications, Inc, a Delaware corporation with its principal place of business in New York, New York; (4) Hearst Holdings, Inc., a Delaware corporation with its principal place of business

---

[1] Plaintiffs named in this lawsuit are: (1) Gabriel Byrdsong; (2) Jamal Townsend; (3) Jonathan Wise; (4) Jessica McCurdy, b/n/f Linda McCurdy; (5) William Chapman; (6) Michael D. Jackson; (7) James Pearson; (8) Mickey Busby II; (9) Brad Blakely; (10) David martin; (11) Dresean Payne; (12) Joshua Gargus; (13) Demarcus Sharp; (14) Kristopher Fricks; (15) Jimmy Studdard; (16) John Myer; (17) LaGerald Malone; (18) Melissa Barron; (19) Christopher Minton; (20) Mason Scott Hall; (21) David Wayne Jones; (22) Mario Moreno; (23) Johnny Johnson; (24) Christopher Gibbs; (25) Bobby Lee Self; (26) Robert Baise; (27) Michael Green; (28) Derrick Garrett; (29) Tracie Sherrill; (30) Jason Davis; (31) Cayla Martin; (32) Angela Totten; (33) Donna Crane; (34) Tevin Traeion Spears; (35) Christopher Byers; (36) Delandis Taylor; (37) Mark Salmon; (38) Brandon McMilliam; (39) Gary Christian; (40) Chauncey Kynard; (41) Jonathan Weaver; (42) Jermone Williams; (43) Briana Horton; (44) Kelli Garrard; (45) Lori Sims; (46) Tasha Moore: (47) Mark Battles; (48) Joseph Waters.

in New York, New York; (5) Hearst LT, Inc., a Delaware corporation with its principal place of business in New York, New York.

3. Defendant Broadleaf Productions LLC, is organized under the laws of the State of New York with its principal place of business in New York. Lucky 8 TV LLC is the only member of Broadleaf Productions LLC and is organized under the laws of the State of New York with its principal place of business in Connecticut.

4. Defendant Paul Buccieri is a resident of Greenwich, Connecticut

5. Defendant David Granville-Smith is a resident of New York, New York.

6. Defendant Robert DeBitetto is a resident of New York, New York.

7. Keith Peek is the Chief of the Corrections at the Etowah County Detention Center and is a resident of Gadsden, Alabama. However, as further set forth herein, Chief Peek's citizenship should be disregarded for purposes of considering this Court's subject matter jurisdiction as Chief Peek was fraudulently joined as a defendant in this case.

## II. Allegations and Claims

8. Plaintiffs' Complaint was filed with the Circuit Court of Etowah County, Alabama on March 20, 2021. *See generally* Compl. p. 1. The Clerk issued summonses on March 22, 2021.

9. Plaintiffs' claims stem from the filming and broadcast of the sixth season of a television docuseries, "60 Days In" (the "Series"), which aired on A&E®, one of the networks of AETN between January and April 2020. In the Series, which was filmed in the Etowah County Detention Center in June 2019, seven volunteers went undercover as inmates of the Detention Center in order to expose its issues and ultimately bring about positive reform. *See* https://www.aetv.com/shows/60-days-in/real-crime/sheriff-horton-60-days-in-interview.

10. Plaintiffs' Complaint purports to state claims for defamation and unjust enrichment against Defendants as a result of Plaintiffs' purported "depiction" in the Series (after, in many cases, signing releases). *See generally* Compl. pp. 15, 21.

11. Plaintiff seeks $99 million in compensatory damages as well as punitive damages "in an amount which will adequately reflect the enormity of Defendants' wrongful act in placing profit over safety, entertainment over civil rights, revenue over right legal treatment, and the long term damages caused." *See generally* Compl. p. 28.

### Jurisdictional Basis for Removal

12. This removal is based on diversity of citizenship. Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §1332(a) (federal diversity

jurisdiction exists in actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs).

13. Removal is proper in this case because Chief Peek was fraudulently joined as a defendant solely to defeat diversity jurisdiction. When the citizenship of Chief Peek is disregarded (as it should be), there is complete diversity of citizenship, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**I.     Chief Peek Is Fraudulently Joined**

14. The Eleventh Circuit has recognized that a defendant has been fraudulently joined "[i]f there is no possibility that the plaintiff can establish any cause of action against the resident defendant." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989) (citing *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)). While this determination should be made on the basis of the plaintiff's pleadings at the time of removal, the Court may look outside the complaint in analyzing whether a non-diverse party has been fraudulently joined. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute in part on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989).

15. Here, there is no reasonable basis in law or fact for believing that Plaintiffs could recover or obtain any relief from Chief Peek on any of the claims

Plaintiffs assert against him in the state court proceeding. *See Restivo v. Bank of America Corp.*, 618 F. App'x 537, 539 (11th Cir. 2015). Each of Plaintiffs' claims against Chief Peek is barred by the doctrine of sovereign immunity. In addition, Plaintiffs have failed to plead the requisite elements of a claim for defamation or unjust enrichment, which requires dismissal of these claims at the outset.

### A.   *Sovereign Immunity Bars Plaintiffs' Claims Against Chief Peek*

16.   Because Chief Peek is an Alabama deputy sheriff, the suit against him is barred by the doctrine of absolute sovereign immunity enshrined in the Alabama Constitution. Plaintiff admits, "Keith Peek did at times operate as a Chief Deputy of the Etowah County Detention Center …." Compl. ¶ 66. Although the Complaint alleges in a conclusory fashion—in an effort to avoid sovereign immunity—that "at other times [he] operated in a clearly individual capacity,"[2] *id.*, the factual allegations in the Complaint make clear that Chief Peek was acting within the scope of his employment as a sheriff's deputy at all times in connection with the Series.

17.   Article I, Section 14 of the Alabama Constitution states, "the State of Alabama shall never be made a defendant in any court of law or equity." Alabama courts have explained that this absolute protection applies to sheriffs and deputy sheriffs as executive officers of the state. *See McMillian v. Johnson*, 101 F.3d 1363,

---

[2] Even so, Article I § 14 immunity protects sheriffs and deputy sheriffs in both their official and individual capacities. *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996).

6

1365 (11th Cir. 1996) ("[U]nder Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity."); *Parker v. Amerson*, 519 So. 2d 442, 442–43 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama, who is immune from suit under Article I, § 14, Alabama Constitution of 1901 . . . ."); *Oliver v. Townsend*, 534 So. 2d 1038, 1044 (Ala. 1988) (same); *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991) (same).

18.  Deputy sheriffs are legal extensions of the sheriff and are, likewise, considered officers of the State of Alabama. *Alexander v. Hatfield*, 652 So. 2d 1142, 1143–44 (Ala. 1994); *Horton v. Morgan County Sheriff's Dept.*, No. 5:16-cv-00923-CLS, 2016 WL 6576986 at *11 (N.D. Ala. Nov. 7, 2016); *Caldwell v. Brogden*, 678 So. 2d 1148, 1151 (Ala. Civ. App. 1996); *see also Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004) ("[A]n action against a sheriff – or deputy sheriff – for damages arising out of the performance of his duties is 'essentially a suit against the state.'"). Accordingly, the deputy sheriff's acts enjoy the same immunity from state law claims as those enjoyed by the sheriff. *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1526 (11th Cir. 1990); *Ex parte Burnell*, 90 So. 3d 708, 711 (Ala. 2012); *Drain v. Odum*, 631 So. 2d 971, 972 (Ala. 1994); *Wright v. Bailey*, 611 So. 2d 300, 303 (Ala. 1992). This absolute protection provided to sheriffs and deputy sheriffs "has been described as a nearly impregnable and almost invincible wall" that provides "an

unwaivable, absolute immunity from suit in any court." *Ex parte Donaldson*, 80 So. 3d 895, 897 (Ala. 2011).[3]

19.  In 2019, when the Series was filmed, Chief Peek was serving as the Chief of Corrections at Etowah County Detention Center, and reported directly to County Sheriff Jonathon Horton.  *See* Affidavit of Keith Peek sworn to on April 23, 2021, ¶ 4 ("Peek Affidavit"). Chief Peek was a certified deputy sheriff by the Alabama Peace Officers Standard & Training Commission ("APOST") carrying out the duties of the sheriff to operate the jail, supervise inmates therein, and ferret out crime occurring within the jail.  *Id.* ¶ 3; *see also* Ala. Code §§ 14-6-1, 36-22-3(a)(4). Accordingly, as an APOST-certified deputy, he is entitled to the protections of sovereign immunity for actions undertaken in this role as Chief of Corrections at the Detention Center.

20.  All actions taken by Chief Peek in connection with the filming of the Series, and resultant improvements at the Etowah County Detention Center, were done within the line and scope of his duties.  Peek Affidavit ¶¶ 5, 8, 9, 11.  Chief Peek was not paid in connection with the filming of the Series.  *Id.* ¶ 10.

---

[3] Courts have only recognized five limited exceptions to a sheriff or deputy's absolute sovereign immunity: "(1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the Statute." *See Hereford*, 586 So.2d at 210 (citation omitted).  Plaintiffs' claims for money damages do not meet any of these limited exceptions.

21. For these reasons, claims against Chief Peek are barred by sovereign immunity.

### B. *Plaintiffs Have Not Pled a Defamation Action against Chief Peek*

22. Under Alabama law, Plaintiffs bear the burden to establish that each defendant made: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication of that statement to a third party; (3) fault amounting at least to negligence on the part of the defendant; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement." *McCaig v. Talladega Pub. Co., Inc.*, 544 So.2d 875, 877 (Ala.1989) (citing RESTATEMENT (2D) OF TORTS § 558 (1977)); *see also Wal-Mart Stores, Inc. v. Smitherman,* 872 So. 2d 833, 849 (Ala. 2003). Indeed, the U.S. Supreme Court has made clear that, under the First Amendment, state defamation laws must include as key elements a false statement of fact and "fault" in order to be constitutional. *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 273 (1964); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347 (1984). "A decision whether a statement is reasonably capable of a defamatory meaning is a question of law." *Cottrell v. National Collegiate Athletic Ass'n*, 975 So.2d 306, 346 (Ala. 2007).

23. The Complaint fails to identify a ***single statement*** made by Chief Peek that is a false and defamatory statement of fact concerning a plaintiff—the most fundamental element of a libel claim.

9

24. Because Plaintiffs fail to identify any false statement of fact that Chief Peek made about a plaintiff, the defamation claim against him is without any basis and is subject to dismissal. *See Oliver v. YMCA of Greater Birmingham*, No. 2:17-CV-356-VEH, 2017 WL 5714291, at *7 (N.D. Ala. Nov. 28, 2017) (granting motion to dismiss when "the factual allegations, which are incorporated, fail to state a plausible claim for defamation, which at the very least requires a false and defamatory statement"); *Lloyd v. Community Hosp. of Andalusia, Inc.*, 421 So.2d 112, 113 (Ala. 1982) ("[I]t is not enough [for the pleading] to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining [of], and can see that there is some legal basis for recovery.") (internal quotations omitted).

25. In addition, Plaintiffs fail to allege that Chief Peek acted with negligence or any other level of fault in making any purportedly defamatory statement. For that reason too, Plaintiffs' claim is subject to dismissal.

### C. *Plaintiffs Have Not Pled an Unjust Enrichment Claim Against Chief Peek*

26. "The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another." *Flying J Fish Farm v. Peoples Bank of Greensboro*, 12 So. 3d 1185, 1193 (Ala. 2008) (citation omitted).

27. Under Alabama law, "for a plaintiff to prevail on a claim of unjust enrichment, the plaintiff must show that the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Federal Home Loan Mortg. Corp. v. Anchrum,* No. 214-cv-02129-AKK, 2015 WL 2452775, at *5 (N.D. Ala. 2015) (internal quotes and citation omitted).

28. Plaintiffs do not allege that Chief Peek, specifically, was paid any money that belongs to them. In fact, they never allege that Chief Peek derived revenue from the Series, instead focusing their claims on the "Big Executives" at AETN or using the general term "Defendants" without pointing to actions from each Defendant that satisfy the elements of their unjust enrichment claim.

29. Indeed, Chief Peek did not profit financially from the Series. He was not paid for his appearance on the show. Peek Affidavit ¶ 10. Accordingly, Plaintiffs have not stated a claim for unjust enrichment.

## II. The Parties Are Diverse When Keith Peek Is Disregarded

30. Chief Peek's citizenship is due to be disregarded for the reasons set forth above. *See Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007); *Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy").

31. According to the Complaint, Plaintiffs are each citizens of Etowah County, Alabama. *See* Compl. ¶¶ 1–48.

32. Defendant AETN is organized under the laws of the State of Delaware, with its principal place of business in New York, New York. The members of the LLC are: (1) Cable LT Holdings, Inc., a Delaware corporation with its principal place of business in Burbank, California; (2) Disney/ABC International Television, Inc., a Delaware corporation with its principal place of business in New York, New York; (3) Hearst Communications, Inc, a Delaware corporation with its principal place of business in New York, New York; (4) Hearst Holdings, Inc., a Delaware corporation with its principal place of business in New York, New York; (5) Hearst LT, Inc., a Delaware corporation with its principal place of business in New York, New York.

33. Defendant Broadleaf Productions LLC, is organized under the laws of the State of New York with its principal place of business in New York. Lucky 8 TV LLC is the only member of Broadleaf Productions LLC and is organized under the laws of the State of New York with its principal place of business in Connecticut.

34. Defendant Paul Buccieri is a resident of Connecticut.

35. Defendant Robert DeBitetto a resident of New York.

36. Defendant David Granville-Smith is a resident of New York.

### III.  Amount in Controversy

37.  As stated in the Complaint, the amount in controversy is $99,000,000, well exceeding $75,000, exclusive of interests and costs.  *See generally* Compl. p. 28; *see also Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)) ("If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) ("If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.").

38.  Chief Peek's consent to this removal is not necessary because he has been fraudulently joined.  *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under 1441(a), all defendants *who have been properly joined and served must join in or consent to the removal of the action*.") (emphasis added); *see also Chungag v. Wells Fargo Bank, N.A.*, No. 12-11073, 2012 WL 1945483, at *7 (E.D. Mich. May 30, 2012) ("Because this Court has determined that Defendants . . . were fraudulently joined, they do not fit within the statute's requirement for defendants that must join in or consent to the removal.").  Nonetheless, Chief Peek's counsel has advised that Chief Peek consents to this removal.

39. Service of Defendant Broadleaf Productions, LLC was complete on or about March 30, 2021, and this Notice is being filed within thirty days as provided in 28 U.S.C. § 1446(b)(2)(C). In addition, service of Defendants Buccieri and AETN was complete on or about April 5, 2021, and service of Defendant Granville-Smith was complete on or about April 7, 2021. Service of Defendant DiBitetto has not be effected. In fact, DiBitteto has not been employed by AETN since 2016 and, accordingly, had nothing to do with the Series.

40. The United States District Court for the Northern District of Alabama, Middle Division, encompasses the Circuit Court of Etowah County.

41. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a Notice of Filing Notice of Removal with the Circuit Court of Etowah County, Alabama. Copies of the Notice of Filing of Notice of Removal, together with this Notice of Removal, are being served upon all adverse parties or their counsel pursuant to 28 U.S.C. § 1446(d).

42. Defendants reserve the right to amend or supplement this Notice of Removal and to move to dismiss the Complaint for failure to state a claim.

Defendants ask that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of Etowah County; and that this Court will make such other orders as may be appropriate to

effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

                                Respectfully Submitted By:

/s/ *John G. Thompson, Jr.*
John G. Thompson, Jr.
Matthew J. Winne
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
T:  (205) 581-0700
F:  (205) 581-0799
E:  jthompson@littlefootlaw.com
E:  mwinne@lightfootlaw.com

Sharon L. Schneier (*pro hac vice* forthcoming)
Amanda B. Levine (*pro hac vice* forthcoming)
DAVIS WRIGHT TREMAINE, LLP
1251 Avenue of the Americas
New York, NY  10020
T:  (212) 489-8230
F:  (212) 379-5206
E:  sharonschneier@dwt.com
E:  amandalevine@dwt.com

*Counsel for Defendants A&E Television Networks, LLC, Broadleaf Productions, LLC, Paul Buccieri, Robert DeBitetto, and David Granville-Smith*