FILED

2021 Dec-21  AM 10:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **GABRIEL BYRDSONG, et. al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  4:21-cv-00607-CLM** |
| | ) | |
| **A&E TELEVISION NETWORKS,** | ) | |
| **LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The plaintiffs—48 inmates at Etowah County Detention Center who were depicted on the reality show "60 Days In"—sue A&E Television Networks LLC (A&E), Broadleaf Productions LLC (Broadleaf), Paul Buccieri, and David Granger-Smith. In the plaintiffs' First Amended Complaint, they file several claims in relation to the defendants' filming and broadcasting "60 Days In." *See* Doc. 22. The defendants collectively moved to dismiss the plaintiffs' first amended complaint. Doc. 26.

For the reasons stated within, the court will **GRANT** the defendants' motion to dismiss the first amended complaint. The court dismisses that complaint without prejudice and will allow the plaintiffs to file an amended complaint that complies with the Federal Rules of Civil Procedure and Eleventh Circuit precedent.

**BACKGROUND**

It is hard to discern the factual background of the case from the plaintiffs' first amended complaint, but the defendants' motion to dismiss fills in some of the gaps. In June 2019, the defendants filmed the sixth season of an undercover reality television show called "60 Days In" in the Etowah County Detention Center. To produce the show, the defendants placed undercover actors inside the jail who posed as inmates. The actors obtained personal information from the inmates and had personal interactions with the inmates. The defendants included the information and interactions on the show. Only some of the plaintiffs who were depicted in the television series signed release forms, and the parties disagree whether the defendants legally obtained the release forms.

A&E aired the sixth season of the show from January 2020 to April 2020. The inmates who were depicted on the show did not receive any compensation for their participation in the show.

The plaintiffs allege that the defendants did many things, including:

- illegally depicted mentally infirm individuals for profit,

- schemed to record and produce staged violence,

- conspired to make conditions worse for plaintiffs,

- misled the plaintiffs into believing that they were recording a documentary that would be used only for educational purposes,

- suppressed and concealed the identity of the broadcasting company to defraud the plaintiffs into signing release forms,

- obtained release forms from inmates who lacked the mental capacity to enter binding contracts, and

- depicted inmates in the television series who refused to sign a release form or to participate in the show.

Based on these allegations, the plaintiffs plead ten counts: (1) defamation, (2) unjust enrichment, (3) general fraud, (4) fraudulent inducement, (5) fraudulent suppression and concealment, (6) negligent fraud, (7) conspiracy to commit tort, (8) unfair trade practices, (9) intentional infliction of emotional distress, and (10) negligent infliction of emotional distress. (Doc. 22.) Plaintiffs seek compensatory and punitive damages.

## STANDARD OF REVIEW

On Rule 12 motions to dismiss, the court accepts the allegations in the plaintiffs' first amended complaint as true and construes them in the light most favorable to the plaintiffs. *Lanfear v. Home Depot, Inc.*, 697 F.3d 1267, 1275 (11th Cir. 2012). The court need not accept legal conclusions or unwarranted factual inferences as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The ultimate question is whether all the plaintiffs' allegations, when accepted as true, "plausibly give rise to an entitlement of relief." *Id.* At 678–79. If the facts as

pleaded could entitle the plaintiffs to relief, then the court must deny the defendants' motion to dismiss. If the court accepts all the plaintiffs' pleaded facts as true, and the plaintiffs still would not be entitled to relief, then the court must grant the motion.

## ANALYSIS

The first amended complaint is a prime example of a shotgun pleading that fails to meet the pleading standards that the Rules and this court require. But the court will dismiss the complaint without prejudice to give plaintiffs one chance to amend their complaint and fix the deficiencies described below.

### I.     Shotgun Pleading

Both the Federal Rules of Civil Procedures and Eleventh Circuit precedent prohibit the use of shotgun pleadings. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Eleventh Circuit precedent has identified four types of shotgun pleadings: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not

separate "into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

The plaintiffs' first amended complaint is a shotgun pleading that fails to provide the defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1321. The court will address each type of shotgun pleading in turn.

### A. Multiple Counts Adopting Allegations of Preceding Counts

The plaintiffs do not explicitly state that each count adopts the allegations of preceding counts, but many counts do adopt allegations of preceding counts by liberal use of the copy and paste function. One example (among many) is that the plaintiffs improperly copied paragraphs 94 through 102 from the defamation count and pasted them into the unjust enrichment count as paragraphs 116 through 124. The plaintiffs then pasted the same paragraphs into the unjust enrichment count again as paragraphs 138 through 146. The plaintiffs then pasted the same paragraphs into the general fraud count as paragraphs 163 through 171 and into the fraudulent inducement count as paragraphs 186 through 194.

The facts and allegations in these paragraphs do not all apply to the counts under which they appear. This makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. Of Tr's. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366. To correct the pleading deficiencies, the plaintiffs should write each count and only include facts and allegations in each count that apply to that count. The plaintiffs should refrain from copying and pasting sections of text into counts that only apply to other counts.

### B. Conclusory, Vague, and Immaterial Facts Not Obviously Connected to a Cause of Action

#### 1. Conclusory and Vague Statements

The court uses Count I to show the plaintiffs' use of conclusory or vague statements, but these deficiencies exist throughout the first amended complaint. Count I is a claim of defamation. Yet most of the references to defamation in Count I are conclusory or vague statements:

- "Plaintiffs were defamed by the 'broadcasting' of their incarceration . . . ." Doc. 22 ¶ 91.

- "Defendants also broadcast in a negative defaming light a mentally incompetent woman . . . . However, due to the defamation of the Defendants, Plaintiff McCurdy was depicted on broadcast television, as well as YouTube, Facebook Groups and other online media outlets." Doc. 22 ¶ 95.

- "Plaintiff Stephanie McCurdy is believed to have been defamed by Defendants in such a manner that she experienced damages among her family . . . ." Doc. 22 ¶ 97.

- "Jessica McCurdy and her family have been defamed by the broadcast . . . . Doc. 22 ¶ 98.

For each count, the plaintiffs should identify the elements of the claim and then plead specific facts to support the elements they must prove. Under Alabama law, the "elements of cause of action for defamation are: (1) a false *and* defamatory statement concerning the plaintiff, (2) an unprivileged communication of that statement to a third party, (3) fault amounting to at least negligence on the part of the defendant," and (4) damages. *McCaig v. Talladega Publ'g Co.*, 544 So.2d 875, 877 (Ala. 1989) (citing Restatement (2d) of Torts § 558 (1977)). Rather than providing vague, conclusory statements, the plaintiffs must allege (with specificity) that the defendants made a particular statement or statements about a particular plaintiff or plaintiffs that could be false and defamatory. *Delta Health Group, Inc. v. Stafford*, 887 So. 2d 887, 896 (2004). Whether the statements are false is a question of fact for the jury. *Id.*

The plaintiffs fail to plead *any* statements the defendants made. Instead, they broadly reference "personal, confidential and often time sensitive information." The only specific facts the plaintiffs pled in relation to the defamation claim were facts

about plaintiff William Chapman ("Chapman") and plaintiff Jessica McCurdy ("McCurdy").

Chapman: The plaintiffs allege that Chapman was defamed when the occurrence of another inmate stabbing him was filmed and televised. (Doc. 22, ¶ 94) ("Plaintiff . . . was defamed by his depiction being victimized by another Detainee which actors were placed to encourage and entertain rather the standards shake down all of which A&E staged."). The plaintiffs do not refer to statements made about or during the stabbing, but only reference the stabbing itself. This is not defamation because it is an event, not a statement.

McCurdy:  The plaintiffs allege that McCurdy was defamed when other inmates on the show referred to her by the nickname "Boonie." (Doc. 22 ¶ 98) ("[McCurdy] was given the nickname 'Boonie' which her family finds to be defaming . . . ."). This is not defamation because, by law, a nickname or label cannot be false or defamatory. *Curtis Pub. Co. v. Birdsong*, 360 F.2d 344, 348 (5th Cir. 1950). Nicknames are not statements of fact that can be proven or disproven. *Id*.

In summary, the plaintiffs mostly rely on vague or conclusory statements. When the plaintiffs did plead specific facts, they failed to meet the elements of a claim for defamation. To correct the pleading deficiencies, the plaintiffs must plead specific facts and allegations to meet the elements of the claims asserted.

## 2. Immaterial Facts

Through this was not a significant problem, the plaintiffs did include some immaterial facts in the first amended complaint. For example, the plaintiffs stated, "Is believed A&E discovered the potential liability of profiteering off of government oppression and brutality following the May 7, 2020 letter and given on May 25, 2020 George Floyd passed as A&E on June 7, 2020 cancelled its show 'Cops.'" (Doc. 22 ¶ 73.) This allegation is not only immaterial (because it is unclear what A&E cancelling the show "Cops" has to do with the claims here), but it is incomprehensible.

If the plaintiffs decide to file a second amended complaint, the court suggests that the plaintiffs remove immaterial facts.

## C. Failure to Separate Each Cause of Action or Claim for Relief Into Different Counts

The first amended complaint also fails to separate "into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322–23. The plaintiffs assert 10 separate counts, but there is significant overlap between the counts, with each count containing allegations that are only relevant to other counts. The court will again use Count I as an example, but these deficiencies exist throughout the first amended complaint.

Under "Count One: Defamation," the plaintiffs include these allegations: (1) the defendants obtained release forms without consent, with consent granted under

duress, or from plaintiffs who did not have legal capacity to consent, (2) the defendants included inmates in the show who did not sign release forms and/or expressly refused to participate in the show, (3) the defendants profited at the expense of plaintiffs, (4) the defendants engaged in a tortious conspiracy, (5) the defendants did not compensate the plaintiffs for their participation in the television series, (6) the defendants encouraged violence, including assault and battery, and (7) the defendants did not obtain permission from the plaintiffs' defense lawyers or give the plaintiffs the right to have counsel review the release forms. *See* doc. 22 pp. 14–19. None of these allegations or facts relate to the claim of defamation.

The plaintiffs consistently assert allegations and plead facts in counts that apply only to other counts. And the plaintiffs assert many allegations in the general allegations section. It is unclear which counts the allegations in this section apply to. To correct the pleading deficiencies, the plaintiffs should list the elements they must prove for each count and then plead only applicable facts to support the elements for each substantive count.

### D. Failure to Specify Which Claims Are Brought Against Which Defendants

In the first amended complaint, the plaintiffs did not always make clear which claims were brought against which defendants. If the plaintiffs decide to file a second amended complaint, the court suggests that the plaintiffs review the complaint to ensure that it does not violate this pleading standard. In the plaintiffs' response to

the defendants' motion to dismiss, the plaintiffs stipulated that they would dismiss the individual defendants. Doc. 29 at 28–29. An amended complaint should reflect this stipulation. Further, the first amended complaint referenced Defendant Keith Peek, who the plaintiffs did not list as a defendant when they filed the first amended complaint. Because Peek has been dismissed from this lawsuit, a second amended complaint should also correct this defect. The plaintiffs' second amended complaint should specify which defendant took which action, which facts apply to which defendant, and which claims are brought against which defendant.

* * *

The court has the authority to dismiss a complaint if it does not comply with the pleading standards in the Federal Rules of Civil Procedure. *Weiland*, 792 F.3d at 1320. But the court must "give the plaintiff once chance to remedy" a shotgun pleading and "point out the defects in the complaint" before dismissing the case on this ground. *Jackson*, 898 F.3d at 1358–59 (quotation marks omitted).

As explained above, the plaintiffs' first amended complaint is a shotgun pleading in violation of Federal Rules of Civil Procedure 8(a)(2), Federal Rules of Civil Procedure 10(b), and Eleventh Circuit precedent. It fails to properly notify the defendants of the claims against them and makes it impossible for the court to determine whether the plaintiffs have stated a claim for relief. Under Eleventh Circuit caselaw, this court will give the plaintiffs one chance to remedy the

deficiencies. The court urges the plaintiffs—at a minimum—to correct the errors outlined above. Their failure to do so will likely result in the court dismissing their second amended complaint *with* prejudice.

## II.   Claim Preclusion

Along with fixing the shotgun pleading deficiencies, the plaintiffs must also address the issue of claim preclusion. Under the doctrine of claim preclusion, a party "simply cannot seek to relitigate the same issue by filing another lawsuit." *Moore v. Birmingham Pub. Library*, 2013 WL 4045726, at *3 (N.D. Ala. Aug. 8, 2013), aff'd, 559 F. App'x 847 (11th Cir. 2014). Prior litigation will bar a subsequent action when: "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 1999).

This case resembles the case *Snow v. Etowah County Sheriff's Office, et al.*, Case No. 20-cv-00344. The Federal District Court for the Northern District of Alabama dismissed that case with prejudice. If the plaintiffs decide to file a second amended complaint, the plaintiffs must plead facts that explain why the plaintiffs' claims are not barred by claim preclusion.

To be clear, the court strongly recommends the second amended complaint do two things: (1) include only plaintiffs whose claims are not barred by claim

preclusion and (2) plead facts within the claims themselves that show why the claim is not precluded.

## **CONCLUSION**

For the reasons listed above, the court will **GRANT** the defendants' motion to dismiss (doc. 26) the plaintiffs' first amended complaint (doc. 22). Because of the pleading deficiencies, the court does not address the merits of the defendants' motion to dismiss.

The plaintiffs may file an amended complaint that complies with the Federal Rules of Civil Procedure and Eleventh Circuit precedent by **January 10, 2022**. If the plaintiffs fail to amend the complaint by **January 10, 2022,** or if they file another amended complaint that does not comply with the Federal Rules of Civil Procedure and Eleventh Circuit precedent, the court will dismiss this case with prejudice.

If the plaintiffs amend their complaint, the defendants must respond by **February 10, 2022**. If any defendant files a Rule 12 motion to dismiss, the court will enter a briefing schedule. The court will not order discovery until the court rules on any motion to dismiss.

The court will enter a separate order that carries out this ruling.

**DONE** on December 21, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE